UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TAJ PATTERSON,

                Plaintiff,

     -against-

CITY OF NEW YORK; POLICE OFFICER RODRIGO
FERNANDEZ; SERGEANT IVAN FURDA;
SERGEANT ZAIKOWSKI; WILLIAMSBURG
SAFETY PATROL, INC.: SHMIRA VOLUNTEER
PATROL CORP.; ABRAHAM WINKLER; AHARON
HOLLENDER; MAYER HERSKOVIC; JOSEPH
FRIED; PINCHAS BRAVER; YOELI ITZKOWITZ; and
JOHN DOES 1-10.

                Defendants.

**ORDER**

**16-CV-3525 (NGG) (SMG)**

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Taj Patterson moves the court to direct entry of a partial final judgment against him under Rule 54(b) of the Federal Rules of Civil Procedure.[1] (Mot. for Entry of J. ("Mot.") (Dkt. 67).) No defendant who has appeared in this action opposes the motion. (Nov. 6, 2017, City of New York, Furda, Zaikowski, and Fernandez Ltr. (Dkt. 68); Nov. 6, 2017, Herskovic Ltr. (Dkt. 69); Nov. 8, 2017, Braver Ltr. (Dkt. 70).) For the reasons that follow, the motion is DENIED.

The relevant facts are set forth in the court's August 9, 2017, memorandum and order ("M&O"). (M&O (Dkt. 64).) "Plaintiff is a Black, gay, non-Jewish man who lives in a Brooklyn neighborhood with a large population of Orthodox Jews." (Id. at 3.) He alleged that,

---

[1] Plaintiff also requests that, in the alternative, the court "may . . . wish to enter a final judgment as against all defendants" but cites no authority by which the court may do so. (Mem. in Supp. of Mot. ("Pl. Mem.") (Dkt. 67-1) at 3.)

1

while he was walking through Brooklyn early in the morning of December 1, 2013, he was chased and attacked by members of a "Shomrim" group—a "neighborhood safety patrol[] organized and operated by volunteer orthodox Jews in different neighborhoods throughout Brooklyn." (Am. Compl. (Dkt. 43) ¶ 10; M&O at 3-4.) His attackers shouted homophobic slurs while they beat him, and the attack left him blind in one eye. (M&O at 3-4.) Plaintiff also alleged that the New York City Police Department ("NYPD") and the police officers named in his complaint botched their investigation into his attack (Am. Compl. ¶¶ 35-45) and that inappropriate ties exist between Shomrim groups, the NYPD, and the Brooklyn District Attorney's office (id. at 46-56; see also M&O at 6-7). Based on these allegations, Plaintiff brought claims against Defendants pursuant to 42 U.S.C. Sections 1983 and 1985. (Am. Compl. ¶¶ 57-88.)

Only some Defendants appeared and contested Plaintiff's allegations. The City of New York and the three NYPD officers named as defendants—Sergeant Ivan Furda, Sergeant Joseph Zaikowski, and Officer Rodrigo Fernandez (together with the City of New York, the "Municipal Defendants")—all appeared. (M&O at 1.) Two of the individuals who assaulted Plaintiff—Defendants Pinchas Braver and Mayer Herskovic—also appeared.[2] (Id.) (The court refers to these defendants as the "Appearing Defendants.") The two Shomrim organizations named as defendants did not appear, however, nor did individual Defendants Abraham Winkler, Aharon Hollender, Joseph Fried, or Yoeli Itzowitz. (Id.) (The court refers to these non-appearing defendants collectively as the "Absent Defendants.")

---

[2] Braver "'pled guilty to misdemeanor unlawful imprisonment for [his] role[] in the matter,' and Herskovic was convicted of gang assault in the second degree and unlawful imprisonment." (M&O at 5 (quoting Am. Compl. ¶ 44).)

2

The Municipal Defendants and Herskovic separately moved to dismiss, and Braver moved for judgment on the pleadings. (Municipal Defs. Mot. to Dismiss (Dkt. 50); Def. Braver Mot. for J. on the Pleadings (Dkt. 52); Def. Herskovic Mot. to Dismiss (Dkt. 63).) On August 9, 2017, the court granted those motions. (M&O at 6.) Having appealed to the U.S. Court of Appeals for the Second Circuit from that order (Notice of App. (Dkt. 65)), Plaintiff now moves the court to enter a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure with respect to his claims against the Appearing Defendants.

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The court thus may certify a partial final judgment under Rule 54(b) "only when three requirements have been satisfied: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express [] determin[ation] that there is no just reason for delay.'" Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co., 769 F.3d 135, 140 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 54(b)). "The determination of whether there is no just reason to delay entry of a final judgment is a matter committed to the sound discretion of the district court." L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 86 (2d Cir. 1998) (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8-10 (1980)).

When considering "whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright, 446 U.S. at 8. In particular, the court must consider

3

"the historic federal policy against piecemeal appeals," and should therefore be mindful of "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. In light of these considerations, the district court should exercise its discretion to certify a partial final judgment "sparingly." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991))

Here, the first two requirements of Rule 54(b) are clearly met: "there are multiple claims or parties," and the court has finally determined Plaintiff's claims against the Appearing Defendants. See Acumen Re, 769 F.3d at 140. Plaintiff has not, however, met his burden of showing that there is "no just reason for delay"—i.e., that certification of a partial final judgment is appropriate in light of the competing considerations of judicial efficiency and possible prejudice to the parties. Plaintiff argues that a Rule 54(b) certification is appropriate because the grounds on which the court resolved his claims against the Appearing Defendants "apply equally to the claims against" the Absent Defendants. (Mem. in Supp. of Mot. ("Pl. Mem.") (Dkt. 67-1) at 3.) Therefore, Plaintiff contends, "[r]equiring [him] to obtain [a] default judgment against the remaining defendants . . . simply so that the Court can dismiss them on grounds already established as law of the case in the [M&O] would unnecessarily delay resolution of the case" and would not serve the interests of judicial economy. (Id.)

Plaintiff's argument makes clear that Rule 54(b) certification would not promote the interests of judicial economy. The Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification 'if the same or closely related issues remain to be litigated.'" Novick v. AXA Network, LLC, 642 F.3d 304, 311 (2d Cir. 2011) (quoting

4

Harriscom, 947 F.2d at 629). This is because "'[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." (quoting Harriscom, 947 F.2d at 631)). Thus, to the extent that Plaintiff's claims against the Absent Defendants raise the same issues as his claims against the Appearing Defendants, and will, as he concedes, be dismissed on the same grounds, the interests of judicial economy would be better-served if he were to resolve his claims against the Absent Defendants before this court and then take a single appeal to the Second Circuit, rather than appealing separately from the dismissal of his claims against the Appearing Defendants and the denial of his anticipated motion for a default judgment against the Absent Defendants. While this may slow the disposition of Plaintiff's case (see Pl. Mem. at 3), any such delay is justified in light of the "historic federal policy against piecemeal appeals." Curtiss-Wright, 446 U.S. at 8. Plaintiff may minimize this delay by promptly applying for a renewed certificate of default and renewing his motion for a default judgment.[3]

Accordingly, Plaintiff's motion for entry of partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Dkt. 67) is denied.

SO ORDERED.

Dated: Brooklyn, New York
November 14, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] In November 2016, Plaintiff requested and obtained a certificate of default against the Absent Defendants (Request for Certificate of Default (Dkt. 40); Clerk's Entry of Default (Dkt. 41)) and moved for a default judgment (Mot. for Default J. (Dkt. 42).) After Plaintiff filed his Amended Complaint (Dkt. 43), the court denied the Motion for Default Judgment as moot. (Apr. 4, 2017, Order re Plaintiff's Mot. for Default J.)