UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TAJ PATTERSON,

                            Plaintiff,

                -against-

CITY OF NEW YORK; POLICE OFFICER RODRIGO
FERNANDEZ; SERGEANT IVAN FURDA;
SERGEANT ZAIKOWSKI; WILLIAMSBURG
SAFETY PATROL, INC.: SHMIRA VOLUNTEER
PATROL CORP.; ABRAHAM WINKLER; AHARON
HOLLENDER; MAYER HERSKOVIC; JOSEPH
FRIED; PINCHAS BRAVER; YOELI ITZKOWITZ; and
JOHN DOES 1-10.

                        Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

16-CV-3525 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiff's motion for a default judgment against Defendants Williamsburg Safety Patrol, Inc. ("WSP"), Abraham Winkler, Aharon Hollender, Joseph Fried, and Yoeli Itzkowitz.[1] (Mot. for Default J. (Dkt. 76).) The court assumes familiarity with the procedural history of this case and, in particular, with its August 8, 2017, Memorandum & Order (the "August 8 M&O"). (Aug. 8, 2017, Mem. & Order ("Aug. 8 M&O") (Dkt. 64).) Because

---

[1] For ease of reference, the court refers to Defendants Pinchas Braver and Mayer Herskovic as the "Appearing Individual Defendants"; Winkler, Hollender, Fried, and Itzkowitz as the "Absent Individual Defendants"; the Absent Individual Defendants, together with WSP, as the "Absent Defendants"; and the Appearing Individual Defendants, together with the Absent Individual Defendants, as the "WSP Individual Defendants."

On January 22, 2018, Plaintiff voluntarily dismissed his claims against defendant Shmira Volunteer Patrol Corp. ("Shmira") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Notice of Dismissal (Dkt. 77); see also Jan. 19, 2018, Order to Show Cause.) Defendant is therefore dismissed from this action without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Additionally, although the Amended Complaint names as defendants John Does 1-10, Plaintiff has not alleged facts about these defendants in his pleading, served them with notice of this action, or otherwise prosecuted this case against them. The John Doe defendants are therefore dismissed from this Action. The Clerk of Court is respectfully directed to amend the caption by striking Shmira and the John Doe defendants.

1

the allegations in the Amended Complaint (Dkt. 43) are insufficient to establish the Absent Defendants' liability under 42 U.S.C. § 1983 or § 1985, Plaintiff's motion is DENIED.

## I. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, a party seeking a default judgment must follow a two-step process. Fed. R. Civ. P. 55; United States v. Calaman, No. 15-CV-180 (NGG) (PK), 2016 WL 8213831, at *3 (E.D.N.Y. Nov. 16, 2016), R&R adopted in part, 2017 WL 462050 (E.D.N.Y. Feb. 2, 2017). First, the party must request the Clerk of Court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "Second, after a default has been entered against [the opposing party], and the [opposing party] fails to appear or move to set aside the default under Rule 55(c), the Court may . . . enter a default judgment." Calaman, 2016 WL 8213831, at *3 (citing Fed. R. Civ. P. 55(b)(2)). When a defendant has defaulted, the court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). Because a default is only an admission of factual allegations, not conclusions of law, however, the court must determine if those factual allegations, taken as true, establish the defendant's liability as a matter of law. See id. Only "if liability is established as a matter of law when the factual allegations are taken as true" may the court enter default judgment. Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015).

## II. DISCUSSION

Plaintiff has obtained a certificate of default against the Absent Defendants, thereby satisfying the first step of obtaining a default judgment. (Req. for Certificate of Default (Dkt. 73); Am. Req. for Certificate of Default (Dkt. 74); Clerk's Entry of Default (Dkt. 75).)

Plaintiff's motion for a default judgment is, however, unavailing because the factual allegations in the Amended Complaint are insufficient to establish the Absent Defendants' liability as a matter of law. See Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobina, 509 F. App'x 54, 56 (2d Cir. 2013) (summary order). The court explained in the August 8 M&O why Plaintiff had failed to state a claim against the Appearing Individual Defendants. Plaintiff has expressly conceded that the same grounds on which the court dismissed his claims against the Appearing Individual Defendants apply with equal force to his claims against the Absent Defendants:

> The grounds for the Court's [August 8 M&O] granting the [Appearing Individual] Defendants' motions apply equally to the claims against the defendants who have not yet appeared. In other words, the Court's Order resolved dispositive legal issues that apply in substance to all defendants, including the [Absent D]efendants. Thus, if the remaining defendants had appeared and answered, the claims asserted against them would have been dismissed. Requiring Plaintiff to obtain another default judgment against the remaining defendants to force them to appear and answer, simply so that the Court can dismiss them on grounds already established as law of the case in the August [8 M&O], would unnecessarily delay resolution of the case.

(Pl. Mem. in Supp. of Mot. for Entry of Partial Final J. (Dkt. 67-1) at 3.)

The court agrees that Plaintiff's claims against the Absent Defendants must be dismissed for substantially the same reasons it dismissed his claims against the Appearing Individual Defendants in the August 8 M&O. First, Plaintiff has not stated a claim against the Absent Individual Defendants under § 1983 because he has not sufficiently alleged that they engaged in

3

"state action" when they allegedly assaulted and detained him. The court previously held that Plaintiff had not plausibly alleged "state action" by any "WSP Individual Defendant," which by definition included the Absent Individual Defendants. (Aug. 8 M&O at 14.) Moreover, the allegations regarding these defendants' role in Plaintiff's assault are "substantially identical" (id.), so if the allegations against the Appearing Individual Defendants were insufficient to state a claim, those allegations are necessarily also insufficient to state a claim against the Absent Individual Defendants. Plaintiff therefore fails to state a § 1983 claim against the Absent Individual Defendants based on false imprisonment and excessive force. (Am. Compl. ¶¶ 57-62.)

Plaintiff's § 1985 claims against the Absent Individual Defendants fare no better. (See id. ¶¶ 78-81 (assault); id. ¶¶ 82-86 (investigation).) To the extent these claims are based on Plaintiff's assault, they are untenable because Plaintiff has not alleged facts sufficient to create a plausible inference that any Absent Individual Defendant assaulted him because of his sexuality, or on account of another protected status. (Aug. 8 M&O at 30 (stating that Plaintiff had not plausibly alleged that Braver or Herskovic assaulted him "because of his sexuality").) To the extent these claims are instead based on the Absent Individual Defendants' purported interference with the City's investigation of that assault, these claims must be dismissed because Plaintiff has made "no allegation that any WSP Individual Defendant played a role in the Officer Defendants' actions that night." (Id. at 31.) Accordingly, Plaintiff has not stated a § 1985 claim against any Absent Individual Defendant.

Lastly, the court must also dismiss Plaintiff's claims against WSP. Although the August 8 M&O only addresses Plaintiff's claims against the Appearing Individual Defendants, that order explains why Plaintiff has not sufficiently alleged that WSP engaged in "state action,"

a prerequisite for liability under § 1983, when the WSP Individual Defendants allegedly assaulted him. (Id. at 9-14.) Plaintiff's second and third claims thus fail, to the extent they seek to hold WSP liable under § 1983 for violating his Fourth and Fourteenth Amendment rights. (Am. Compl. ¶¶ 63-74.) Plaintiff's respondeat superior claim against WSP (id. ¶¶ 87-88) must be dismissed because he fails to plead a primary violation of § 1983 or § 1985 by any alleged WSP member. See Tchatat v. City of New York, No. 14-CV-2385 (LGS), 2015 WL 5091197, at *13 (S.D.N.Y. Aug. 28, 2015).[2]

## III. CONCLUSION

Because Plaintiff's claims against all the Absent Defendants are unavailing as a matter of law, his motion for default judgment (Dkt. 76) is DENIED. All claims against the Absent Defendants are DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully DIRECTED to enter judgment against Plaintiff accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
February 13, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] Moreover, a private entity may not be held liable under § 1983 on a respondeat superior theory. See Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408-09 (2d Cir. 1990). The Second Circuit has held that the rule that a municipality cannot be liable under § 1983 on a theory of respondeat superior, see Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), also applies to § 1985 claims. See Zherka v. City of New York, 459 F. App'x 10, 12 (2d Cir. 2012) (summary order). It appears to be an open question in this circuit, however, whether a private entity can be liable under § 1985 solely on a theory of respondeat superior. Compare, e.g., Jenkins v. Miller, No. 2:12-CV-184, 2017 WL 4402431, at *19 (D. Vt. Sept. 29, 2017) (private entity can be liable on theory of respondeat superior for employees' § 1985 violations), and Tchatat, 2015 WL 5091197, at *13 (same), with Bowen v. Rubin, 385 F. Supp. 2d 168, 176 (E.D.N.Y. 2005) (applying Monell to § 1985 claims against private entities).